NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1498

SOFPOOL LLC,

Plaintiff-Appellant,

v.

INTEX RECREATION CORP.,

Defendant-Appellee.


Martin F. Majestic, Law Office of Martin F. Majestic, of Lafayette, California, argued for plaintiff-appellant.  On the brief was Joseph A. Hearst, of Berkeley, California.

R. Trevor Carter, Baker & Daniels LLP, of Indianapolis, Indiana, argued for defendant-appellee.  With him on the brief was Stacy L. Prall.

Appealed from:  United States District Court for the Eastern District of Texas

Magistrate Judge Charles Everingham

# United States Court of Appeals for the Federal Circuit

2008-1498

SOFPOOL LLC,

Plaintiff-Appellant,

v.

INTEX RECREATION CORP.,

Defendant-Appellee.

Appeal from the United States District Court for the Eastern District of Texas in case no. 2:07-CV-97, Magistrate Judge Charles Everingham.

_____

DECIDED: May 11, 2009

_____

Before MAYER, FRIEDMAN, and RADER, Circuit Judges.

PER CURIAM.

On March 22, 2007, Sofpool LLC ("Sofpool") filed suit against Intex Recreation Corp. ("Intex"), alleging infringement of two design patents, D408,546 (the "'546 patent") and D480,817 ( the "'817 patent"). The district court submitted the infringement issue to a jury, with instructions that "[t]he comparison of the accused product to the patented design includes two distinct tests, the ordinary observer test and the point of novelty test." The court further instructed the jury that it could find infringement only if it determined that both the ordinary observer and the point of novelty tests had been

satisfied. On April 17, 2008, the jury returned a verdict in Intex's favor, finding no infringement of either of Sofpool's patents.

On June 13, 2008, Sofpool timely appealed to this court. Subsequently, on September 22, 2008, this court issued its decision in Egyptian Goddess, Inc. v. Swisa, Inc., 543 F.3d 665 (Fed. Cir. 2008) (en banc). We concluded "that the point of novelty test, as a second and free-standing requirement for proof of design patent infringement, is inconsistent with the ordinary observer test laid down in [Gorham Co. v. White, 81 U.S. 511 (1871)] . . . and is not needed to protect against unduly broad assertions of design patent rights." Id. at 672. Because the jury in the present case was instructed based upon the point of novelty test eliminated by Egyptian Goddess, the judgment of the district court is vacated and the case is remanded for reconsideration and further proceedings as appropriate.

Sofpool argues that it "is entitled to an instruction on remand that the '817 patent is infringed, because both Intex's expert and its attorney conceded that the accused design satisfied the ordinary observer test." We disagree. Although Intex acknowledged that its oval pool might infringe the '817 patent under the ordinary observer test as it existed prior to Egyptian Goddess, Intex has never conceded that its oval pool infringes under this court's newly articulated ordinary observer standard.

COSTS

Each party shall bear its own costs.

VACATED AND REMANDED